1  ALEX G. TSE (CABN 152348)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  JOSEPH E. SPRINGSTEEN (DCBN 474317)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, 11th Floor
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7168
7       FAX: (415) 436-7234
        Email: Joseph.Springsteen@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR 18-00457-WHA-TSH |
| Plaintiff, | [~~PROPOSED~~] ORDER DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | |
| ROY NEAL, | |
| Defendant. | |

On September 25, 2018, an Indictment was filed in the Northern District of California charging Defendant Roy Neal with two counts of violating Title 18, United States Code, Section 922(g) – being a Felon in Possession of a Firearm and/or Ammunition. On October 29, 2018, Defendant appeared before the Honorable Joseph C. Spero for arraignment on the Indictment. On November 1, 2018, Defendant appeared before this Court for a detention hearing. Defendant was represented by Assistant Federal Public Defender Jodi Linker. Assistant United States Attorney Joseph Springsteen represented the United States. The government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community or defendant's appearance at trial.

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
18-CR-457 WHA-TSH

1

Pretrial Services submitted a report also recommending detention, on grounds of the Defendant's danger to the community and risk of flight. The defendant disagreed, and requested that he be released to a residential drug treatment program at New Bridge. The Court ordered the defendant detained and remanded him to the custody of the U.S. Marshals, but set a further hearing on detention and asked Pretrial Services to contact New Bridge and ascertain their willingness to accept the defendant.

On November 16, 2018, the defendant appeared again before the Court for further proceedings on detention. New Bridge indicated their willingness to accept the defendant into the program should he be released, and the Court ordered the defendant released, subject to a $50,000 unsecured bond, on the condition that he reside at New Bridge.

On December 11, 2018, the defendant was expelled from New Bridge due to alleged threats to another resident and the Defendant's other anger management issues, and appeared again before the Court that same day. Based on the defendant's conduct and expulsion from New Bridge, Pretrial Services requested that the Defendant be remanded to the custody of the U.S. Marshals, informing the Court that there are no other residential facilities that will currently accept the Defendant, nor is he eligible to be admitted to a halfway house. The government and Pretrial Services recommended that the defendant should remain in custody to ensure the safety of the community.

Upon consideration of the Pretrial Services report, the court file, and the party proffers at the detention hearings on November 16 and December 11, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders Defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions can reasonably assure the safety of the community. In considering the Defendant's danger to the community, the defendant has a lengthy criminal history, including convictions for violent offenses. Further, the Defendant was previously released from custody into the New Bridge Residential Treatment Program and was expelled from that program for making threats to other residents and for his inability to manage his anger. Based on the representation of Pretrial Services, there are no other non-custodial facilities that will accept the Defendant at this time.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is re-committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

December _12_, 2018

_____
HON. THOMAS S. HIXSON
United States Magistrate Judge

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
18-CR-457 WHA-TSH

3